DAUDT, Appellant, v. DRAINAGE DISTRICT NUMBER ONE.

Division Two, May 9, 1899.

Appellate Jurisdiction: INVOLVING REVENUE LAW: SUIT AGAINST DRAINAGE DISTRICT. In an action for services as attorney against an incorporated drainage district, a demurrer to the petition does not involve a construction of Revised Statutes 1889, section 6528, providing that as soon as such district shall be. organized, to defray the expenses of a survey, constructing ditches, etc., and to pay such officers, employees, etc., as are allowed compensation by law, a certain tax shall be assessed, and consequently bring the general revenue law of the State under review on appeal from the ruling thereon, so as to give the Supreme Court jurisdiction.

Appeal from St. Louis County Circuit Court.—HON. RUDOLPH HIRZEL, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

C. J. DAUDT and CARL DAUDT for appellant.

THEODORE BRUERE & SON and T. F. McDEARMON for respondent.

SHERWOOD, J.—Plaintiff sues defendant as a corporation for the sum of $502.50 for services rendered said district as attorney at law for taxes due the district, stating that such services were rendered at the instance and request of the Board of Supervisors of the district.

A demurrer was filed to the petition on the ground that it stated no facts sufficient, etc. Thereupon the petition was adjudged insufficient in law and judgment accordingly. The trial court acting upon the theory that the demurrer involved

the construction of section 6528, Revised Statutes 1889, and that in consequence of this, the general revenue law of this State was brought under review by reason of this action having been brought, and that, therefore, this court had jurisdiction of the appeal herein, ordered the cause to be sent to this court.

This view of the matter was entirely erroneous. This case no more involves the general revenue law of this State than would a suit against the collector for a personal debt of the latter, which could only be satisfied by moneys which the collector might earn in his official capacity.

The only point involved in this record is whether defendant is indebted to plaintiff in the sum of $502.50; that and nothing more.

Wherefore, this cause is ordered to be transferred to the St. Louis Court of Appeals.

All concur.